**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELVIS LOPEZ, <br><br>            Plaintiff, <br><br>          v. <br><br> BRAM AUTO GROUP, LLC and VLADIMIR NASTELON, <br><br>            Defendants. | Civil Action No.: 2:18-cv-14691-UNA <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Elvis Lopez, by and through his attorneys, Faruqi & Faruqi, LLP, hereby alleges as follows against Defendants BRAM Auto Group, LLC ("BRAM Auto" or the "Company") and Vladimir Nastelon (collectively, "Defendants"):

## NATURE OF THE CLAIMS

1.      Mr. Lopez was one of BRAM Auto's top salespeople throughout his employment.

2.      Despite this, on August 9, 2018, he was fired by his direct supervisor, Mr. Nastelon, immediately after complaining that the Company had once again failed to pay him all compensation owed.

3.      Indeed, literally seconds after Mr. Lopez asked the Company to correct a discrepancy in his paycheck, Mr. Nastelon told Mr. Lopez "If you don't like your pay, get out."

4.      In the week following his termination, Mr. Lopez continued to contact BRAM Auto to recover his unpaid compensation.

5.      In his exchanges with the Company, the purported reason for his termination changed constantly – first, it was supposedly "poor performance;" then, "insubordination;" weeks later, the stated reason for firing him changed yet again to his allegedly being "disruptive and negative."

1

6.      In reality, Mr. Lopez was terminated solely because he complained about violations of wage laws, as further evidenced by BRAM Auto's inability to decide on a stated reason for the decision.

7.      Mr. Lopez brings this action against Defendants redress his retaliatory termination, as well as other wage violations, under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. §§ 34:19-1, *et seq.*, ("NJCEPA"), the New Jersey Wage Payment Law, N.J. Stat. Ann. §§ 34:11-4.1, *et seq.* ("NJWPL"), and applicable regulations thereunder.

## JURISDICTION AND VENUE

8.      Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

9.      This Court also has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367.

11.     Venue is proper under 28 U.S.C. § 1391, as Defendants' principal place of business is located in this District.

## PARTIES

**A.      Plaintiff Elvis Lopez**

12.     Plaintiff Elvis Lopez is a resident of the State of New Jersey and was employed by Defendants from on or around January 9, 2018 through on or around August 9, 2018.

13.     At all relevant times, Elvis Lopez was an "employee" within the meaning of all relevant statutes and regulations.

**B.     Defendant BRAM Auto Group, LLC**

14.     Defendant BRAM Auto Group, LLC is a New Jersey limited liability company with its principal place of business located at 7500 West Side Avenue, North Bergen, New Jersey 07047.

15.     At all relevant times, BRAM Auto Group, LLC was an "employer" within the meaning of all relevant statutes and regulations.

**C.     Defendant Vladimir Nastelon**

16.     Defendant Vladimir Nastelon is a General Manager at a car dealership owned and operated by BRAM Auto Group, LLC, located at 56 U.S. 22, Hillside, New Jersey 07205.

17.     At all relevant times, Vladimir Nastelon established, implemented, disseminated, and controlled Defendants' employment policies.

18.     At all relevant times, Vladimir Nastelon controlled and directed the terms and conditions of Plaintiff's employment.

19.     At all relevant times, Vladimir Nastelon maintained and exercised power to hire, fire, discipline, and promote Plaintiff.

20.     At all relevant times, Vladimir Nastelon was an "employer" within the meaning of all relevant statutes and regulations.

## FACTS

**A.     Background Regarding Mr. Lopez's Employment and Defendants' Wage Violations**

21.     BRAM Auto owns and operates several car dealerships throughout New York and New Jersey.

22.      In or around January 2018, BRAM Auto hired Mr. Lopez for a sales position at a car dealership owned by the Company, located at 56 U.S. 22, Hillside, New Jersey 07205 ("Route 22 Nissan" or the "Dealership").

23.      At all times, Mr. Lopez reported directly to Mr. Nastelon and Craig Cohen, the Dealership's General Managers.

24.      Throughout Mr. Lopez's employment, he was one of the Dealership's top performers.

25.      In fact, Mr. Lopez outsold every one of his peers at the Dealership over his seven-month tenure.

26.      Further, throughout Mr. Lopez's employment, Defendants consistently failed to pay him all compensation he was owed.

27.      Mr. Lopez was paid in part based on commissions.

28.      Mr. Lopez's commissions were calculated based on the Dealership's overall sales.

29.      However, "negative deals" – or sales where the Dealership loses money – were not to be counted toward the Dealership's overall sales for the purposes of commission calculations.

30.      This was reflected in a written agreement signed by Mr. Lopez (the "Commission Agreement").

31.      Each month, Defendants consistently failed to abide by the express terms of the Commission Agreement, repeatedly counting "negative deals" against Mr. Lopez's commissions.

32.      Defendants' failure to adhere to the Commission Agreement resulted in Mr. Lopez's compensation being artificially reduced each month.

**B.**   **Mr. Lopez's Protected Complaint and Immediate Retaliatory Termination**

33.     On or around August 9, 2018, Mr. Lopez received his paycheck from Defendants and, upon review, noticed that he had been shorted an amount that he had calculated to be approximately $800.

34.     Mr. Lopez raised the issue with Mr. Nastelon shortly thereafter, explaining that the Company had unlawfully failed to pay him all of his compensation owed and requesting that Mr. Nastelon correct the discrepancy.

35.     Mr. Nastelon immediately told Mr. Lopez, "If you don't like your pay, get out."

36.     Mr. Nastelon clarified moments later that Defendants were, in fact, terminating Mr. Lopez's employment.

37.     Mr. Lopez accepted the termination but maintained that he was still owed compensation.

38.     Accordingly, he asked that Mr. Nastelon to provide him a written breakdown of his pay for the period at issue so he could take legal action to pursue his unpaid compensation.

39.     This exchange occurred on the Dealership's salesfloor.

40.     Upon information and belief, the exchange was captured by surveillance cameras used to monitor activity on the salesfloor.

41.     Mr. Nastelon subsequently brought Mr. Lopez into an enclosed office, where he and Mr. Lopez went over his pay records.

42.     During this meeting, Mr. Nastelon acknowledged that Defendants did, in fact, owe Mr. Lopez $404.90.

43.     While Mr. Lopez maintained he was still owed additional compensation, Mr. Nastelon agreed on behalf of Defendants to pay Mr. Lopez the $404.90 that both he and Mr. Lopez agreed had been improperly withheld.

44.     Mr. Nastelon then told Mr. Lopez, "If you still have a problem, we can go outside," suggesting he would physically harm Mr. Lopez if he raised any further issues with his compensation.

45.     Moreover, despite tacitly admitting that Mr. Lopez was right to complain that Defendants had unlawfully underpaid him, Mr. Nastelon declined to rescind the termination.

**C.     Defendants' Shifting Rationales for Terminating Mr. Lopez**

46.     In the days following his termination, Mr. Lopez exchanged several emails with BRAM Auto's Human Resources ("HR") department, as well as with Mr. Cohen.

47.     In these emails, Mr. Lopez sought confirmation regarding the cause for his termination and payment of the compensation he was still owed.

48.     He also used these emails to memorialize the events that led to his retaliatory firing.

49.     Mr. Lopez also spoke over the phone with employees in BRAM Auto's HR department, who initially told him that he had supposedly been fired for "poor performance."

50.     When Mr. Lopez explained that this reason made no sense, as he was the Dealership's top salesperson, BRAM Auto changed stated basis for the termination decision to "insubordination."

51.     The only conduct by Mr. Lopez that could possibly be considered insubordinate was his protected complaint.

52.     Weeks later, after Mr. Lopez filed for unemployment insurance benefits, BRAM Auto changed its stated reason for the termination yet again.

53.     As a representative of the New Jersey Department of Labor and Workforce Development, Division of Unemployment ("NJDOL") explained to Mr. Lopez, BRAM Auto represented to the NJDOL that the Company had fired him for being "disruptive and negative."

54.     Defendants' shifting rationales for the termination further evince the retaliatory nature of the decision.

55.     It was not until August 16, 2018 that Defendants paid Mr. Lopez the $404.90 originally owed to him on August 9, 2018.

56.     To date, Defendants still owe Mr. Lopez additional unpaid commissions from August 2018 and prior months.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: RETALIATION**

57.     Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

58.     During the full statutory period, Plaintiff was protected by the provisions of the FLSA, 29 U.S.C. §§ 201, *et seq*., and all applicable regulations thereunder.

59.     As set forth above, Plaintiff reasonably believed that Defendants had engaged in conduct that violates the FLSA, including, *inter alia*, failing to pay him all compensation owed.

60.     Plaintiff engaged in protected activity by, *inter alia*, complaining to Defendants regarding their violations of the FLSA.

61.     Defendants retaliated against Plaintiff for his protected activity by, *inter alia*, terminating his employment.

62.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of damages.

63.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continue to suffer, emotional distress for which he is entitled to an award of compensatory damages.

64.     Plaintiff is further entitled to an award of liquidated damages, prejudgment interest, and attorneys' fees and costs, as well as any and all other relief afforded under the law.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FLSA: LATE PAYMENT OF WAGES

65.     Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

66.     During the full statutory period, Plaintiff was protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

67.     The FLSA requires covered employers, including Defendants, to pay employees all compensation earned in a particular pay period on their regular pay day.

68.     Plaintiff was not exempt from the requirement that his employer timely pay him all compensation earned.

69.     By the actions described above, Defendants failed to pay Plaintiff all compensation earned in each pay period on his regular pay day and, in fact, failed to pay Plaintiff some of his compensation at all.

70.     As a direct and proximate result of Defendants' failure to pay Plaintiff all compensation earned in each pay period on his regular pay day, Defendants have violated the FLSA and/or applicable regulations thereunder, including, *inter alia*, 29 C.F.R. 778.106.

71.     Defendants acted willfully and deliberately in maintaining their intentional practice of failing to compensate Plaintiff in accordance with the FLSA.

72.     Defendants' violations of the FLSA have significantly damaged Plaintiff and entitle him to recover the total amount of his unpaid compensation, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs, as well as any and all other relief afforded under the law.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NJCEPA: RETALIATION

73.     Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

74.     During the full statutory period, Plaintiff was protected by the provisions of the NJCEPA, N.J. Stat. Ann. §§ 34:19-1, *et seq.*, and all applicable regulations thereunder.

75.     As set forth above, Plaintiff reasonably believed that Defendants had engaged in conduct that violated the law, including, *inter alia*, failing to timely pay him all compensation owed in violation of the FLSA and NJWPL.

76.     Plaintiff engaged in protected activity by, *inter alia*, complaining to Defendants regarding their violations of the law.

77.     Defendants retaliated against Plaintiff for his protected activity by, *inter alia*, terminating his employment.

78.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NJCEPA, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of damages.

79.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NJCEPA, Plaintiff has suffered, and continue to suffer, emotional distress for which he is entitled to an award of compensatory damages.

80.     Because Defendants' unlawful conduct was intentional, showed a deliberate, willful, wanton, and reckless indifference to applicable law, and caused Plaintiff to sustain significant compensatory and other damages, Plaintiff is also entitled to an award of punitive damages.

81.     Plaintiff is further entitled to an award of prejudgment interest, attorneys' fees and costs, as well as any and all other relief afforded under the law.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE NJWPL:  FAILURE TO PAY ALL COMPENSATION EARNED

82.     Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

83.     During the full statutory period, Plaintiff was protected by the provisions of the NJWPL, N.J. Stat. Ann. §§ 34:11-4.1, *et seq.*, and all applicable regulations thereunder.

84.     The NJWPL requires covered employers, including Defendants, to pay their employees the full amount of compensation earned each pay period.

85.     Plaintiff was not exempt from the requirement that his employer pay him all compensation earned.

86.     By the actions described above, Defendants failed to pay Plaintiff all compensation earned each pay period.

87.     As a result of Defendants' failure to pay Plaintiff all compensation earned each pay period, Defendants have violated the NJWPL and/or applicable regulations thereunder.

88.     Defendants acted willfully and deliberately in maintaining their intentional practice of failing to compensate Plaintiff in accordance with the NJWPL.

89.     Defendants' violations of the NJWPL have significantly damaged Plaintiff and entitle him to recover the total amount of any unpaid compensation, statutory penalties,

prejudgment interest, and attorneys' fees and costs, as well as any and all other relief afforded under the law.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE NJWPL: LATE PAYMENT OF WAGES

90.     Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

91.     During the full statutory period, Plaintiff was protected by the provisions of the NJWPL, N.J. Stat. Ann. §§ 34:11-4.1, *et seq.*, and all applicable regulations thereunder.

92.     The NJWPL requires covered employers, including Defendants, to pay employees all compensation earned in a particular pay period on their regular pay day.

93.     Plaintiff was not exempt from the requirement that his employer timely pay him all compensation earned.

94.     By the actions described above, Defendants failed to pay Plaintiff all compensation earned in each pay period on his regular pay day and, in fact, failed to pay Plaintiff some of his compensation at all.

95.     As a result of Defendants' failure to pay Plaintiff all compensation earned in each pay period on his regular pay day, Defendants have violated the NJWPL and/or applicable regulations thereunder.

96.     Defendants acted willfully and deliberately in maintaining their intentional practice of failing to compensate Plaintiff in accordance with the NJWPL.

97.     Defendants' violations of the NJWPL have significantly damaged Plaintiff and entitle him to recover the total amount of any unpaid compensation, statutory penalties, prejudgment interest, and attorneys' fees and costs, as well as any and all other relief afforded under the law.

11

## SIXTH CAUSE OF ACTION:
## BREACH OF CONTRACT

98.     Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

99.     At or around the outset of his employment, Plaintiff and Defendants entered into the Commission Agreement, a valid contract detailing the terms under which Plaintiff would be paid commissions.

100.    The Commission Agreement expressly provided that "negative deals" on which the Dealership lost money were not to be included when calculated Plaintiff's commission payments.

101.    Throughout Plaintiff's employment, Defendants regularly breached the Commission Agreement by failing to exclude "negative deals" when calculating Plaintiff's commissions, thereby improperly reducing his total commission payment.

102.    Defendants' breach of the Commission Agreement caused Plaintiff to sustain damages, including, *inter alia*, lost compensation.

103.    Defendants' breaches of contract have significantly damaged Plaintiff and entitle him to recover the total amount of any unpaid compensation, prejudgment interest, and attorneys' fees and costs, as well as any and all other relief afforded under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and State law;

B.     Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.      Grant Plaintiff an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate him for his economic damages, including, without limitation, back pay and front pay for lost wages;

D.      Grant Plaintiff an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate him for all non-monetary and/or compensatory damages, including, without limitation, compensation for mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

E.      Grant Plaintiff an award of damages for any and all other monetary and/or non-monetary losses suffered in an amount to be determined at trial, plus prejudgment interest;

F.      Grant Plaintiff an award of punitive damages in an amount to be determined at trial;

G.      Grant Plaintiff an award of liquidated damages in amount to be determined at trial;

H.      Grant Plaintiff an award of costs that he has incurred in this action, including, without limitation, expert witness fees and reasonable attorneys' fees and costs to the fullest extent permitted by law; and

I.      Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: October 5, 2018                    **FARUQI & FARUQI, LLP**

                                          By:   ___*/s/ Innessa M. Huot*___
                                                  Innessa Melamed Huot

                                          685 Third Avenue, 26th Floor
                                          New York, New York 10017
                                          Telephone: 212-983-9330
                                          Facsimile: 212-983-9331
                                          ihuot@faruqilaw.com

                                          *Attorneys for Plaintiff*

13