UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELVIS LOPEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>ROUTE 22 NISSAN, INC. and VLADIMIR NASTELON, in both his individual and professional capacities,<br><br>      Defendants. | Civil Action No.: 2:18-cv-14691-KSH-CLW<br><br>ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE |

THIS MATTER HAS COME BEFORE THE COURT upon the parties' joint motion for approval of their individual settlement agreement (the "Settlement"). The Court has reviewed the parties' joint motion and the Settlement, and is familiar with the relevant facts, procedural history, and legal issues. Accordingly, the Court hereby makes the following findings:

1. Plaintiff Elvis Lopez ("Plaintiff") commenced this action on October 5, 2018, bringing claims for retaliation and nonpayment of wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), as well as other statutes under which approval of the Settlement is not required.

2. On August 14, 2019, the parties formally consented to the jurisdiction and authority of this Court over all matters in this action, which was ordered by the District Court on August 15, 2019.

3. Plaintiff alleges that Defendants Route 22 Nissan, Inc. ("Route 22 Nissan" or the "Dealership") and Vladimir Nastelon ("Nastelon") (together, "Defendants") failed to pay him all of his earned commissions and fired him in retaliation for complaining to Nastelon about the same.

4. Defendants dispute all liability and deny Plaintiff's claims in their entirety and maintain Plaintiff was paid all earned compensation and that he was terminated for a legitimate non-discriminatory and non-retaliatory reasons.

5. The parties have engaged in discovery, including exchange of all of the relevant payroll records, and other investigation to determine both the merits of Plaintiff's claims and the amount of damages to which Plaintiff believes he is entitled.

Case 2:18-cv-14691-CLW   Document 30   Filed 09/04/19   Page 2 of 3 PageID: 108

6. On June 18, 2019, the parties appeared before the Court for a settlement discovery, prior to which they made detailed submissions regarding their respective theories of the case, likelihood of success on liability, and damages calculations. At the settlement conference, the parties held detailed discussions, both with the Court and one another, regarding the same.

7. At the conclusion of the settlement conference, the parties reached an agreement in principle to settle Plaintiff's claims for a sum of $75,000, inclusive of attorneys' fees and costs, which was subsequently reduced to a formal settlement agreement and submitted to the Court.

8. The Settlement, which concerns a bona fide dispute, is fair and reasonable.

9. Under the terms of the Settlement, Plaintiff recovers nearly all of his economic damages as of the date of the parties' settlement conference. This is fair and reasonable in light of the attendant risks of litigation, including the lack of documentary evidence regarding the verbal exchange between Plaintiff and Nastelon that forms the basis of his retaliation claims, unpredictable and likely adverse testimony from Defendants' witnesses regarding the same, and the speculation required to establish Plaintiff's damages, which are based largely on commissions.

10. Additionally, by entering into the Settlement, Plaintiff foregoes significant expense and delay that would result from continued litigation, including likely motions to compel, depositions, summary judgment motions, and trial preparation.

11. Balancing the benefits of the Settlement with the costs, risks, and delay associated with further litigation, the Court agrees with the parties that that the Settlement is in Plaintiff's best interests and represents a fair, reasonable, and adequate resolution of the matter.

12. Under the terms of the Settlement, Plaintiff's counsel recovers $25,000 in reasonable attorneys' fees, and $917.89 in litigation expenses. These attorneys' fees and costs are also fair and reasonable, thereby warranting approval. Plaintiff's counsel is qualified and experienced in wage-and-hour and retaliation litigation, and has achieved a fair and reasonable Settlement for Plaintiff. Plaintiff's costs are reasonable, as are their requested fees, which amount to one-third of Plaintiff's overall recovery.

13. The Settlement does not frustrate the implementation of the FLSA. The Settlement does not contain a confidentiality provision. While Plaintiff does release non-FLSA claims under the Settlement, this is justified because Plaintiff brings claims under the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. §§ 34:19-1, *et seq.* and the New Jersey Wage Payment Law, N.J. Stat. Ann. §§ 34:11-4.1, *et seq.* The release, which does not release any future claims, evinces a mutual desire to foreclose all litigation relating to claims arising from Plaintiff's employment prior to and including the date of the Settlement.

2

NOW, THEREFORE, on this 4 day of September, 2019, it is hereby ORDERED as follows:

   a. The Settlement between the parties is APPROVED in its entirety;

   b. Within thirty (30) days of the entry of this Order, Defendants shall make the payments required under the terms of the Settlement to Plaintiff's counsel; and

   c. This action is hereby dismissed with prejudice.

SO ORDERED:

_____
The Honorable Cathy L. Waldor